# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) | Case No. 14-51876 (AMK) |
| ) | |
| WAYNE M. KLESKI and ) | Chapter 7 |
| KATHERINE A. KLESKI, ) | |
| ) | Judge: ALAN M. KOSCHIK |
| Debtors. ) | |
| ) | Adversary Proceeding No. |
| ROBERT S. THOMAS, II ) | |
| TRUSTEE IN BANKRUPTCY ) | |
| 1653 Merriman Road, Suite 203 ) | |
| Akron, Ohio 44313 ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, AS ) | |
|   TRUSTEE FOR CMSI REMIC ) | |
|   2005-01-REMIC PASS-THROUGH ) | |
|   CERTIFICATES SERIES 2005-01 ) | |
| Attention: Executive Officer ) | |
| 225 Walnut Street ) | |
| Cincinnati, Ohio 45202 ) | |
| ) | |
| JPMORGAN CHASE BANK, NATIONAL ) | |
|  ASSOCIATION ) | |
| Attention: Executive Officer ) | |
| 1111 Polaris Parkway ) | |
| Columbus, Ohio 43240 ) | |
| ) | |
| KATHERINE'S COLLECTION, INC. ) | |
| c/o Taft Service Solutions Corp., Statutory Agent ) | |
| 425 Walnut Street, Suite 1800 ) | |
| Cincinnati, Ohio 45202 ) | |
| ) | |
| HIGH FALLS, LLC ) | |
| c/o Leader Service Corp., Statutory Agent ) | |
| 200 Public Square, Suite 3500 ) | |
| Cleveland, Ohio 44114 ) | |

| | |
|---|---|
| SILVER LAKE ESTATES LIMITED<br>  PARTNERSHIP<br>c/o Howard S. Chapman, Statutory Agent<br>25250 Rockside Road<br>Bedford Heights, Ohio  44146 | )<br>)<br>)<br>)<br>) |
| SILVER LAKE ESTATES II LIMITED<br>  PARTNERSHIP<br>c/o Howard S. Chapman, Statutory Agent<br>25250 Rockside Road<br>Bedford Heights, Ohio  44146 | )<br>)<br>)<br>)<br>) |
| THE UNITED STATES OF AMERICA,<br>  INTERNAL REVENUE SERVICE<br>P.O. Box 7346<br>Philadelphia, Pennsylvania  19101-7346 | )<br>)<br>)<br>) |
| WAYNE M. KLESKI<br>2890 Hastings Road<br>Silver Lake, Ohio  44224 | )<br>)<br>) |
| KATHERINE A. KLESKI<br>2890 Hastings Road<br>Silver Lake, Ohio  44224 | )<br>)<br>) |
| KRISTEN M. SCALISE, AS FISCAL OFFICER<br>  OF SUMMIT COUNTY, OHIO<br>Ohio Building<br>175 South Main Street<br>Akron, Ohio  44308 | )<br>)<br>)<br>)<br>) |
|                 Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT, TO AVOID DEFECTIVELY EXECUTED MORTGAGE, TO AVOID JUDGMENT LIEN AS PREFERENTIAL TRANSFER, AND TO DETERMINE VALIDITY, PRIORITY AND <u>AMOUNT OF LIENS AND CLAIMS IN AND TO REAL PROPERTY</u>**

The Plaintiff, Robert S. Thomas, II, Trustee in Bankruptcy (the "Plaintiff" or "Trustee"), respectfully represents to the Court as follows:

1. Jurisdiction of the within proceedings is vested in this Court by virtue of the

provisions of 28 U.S.C. § 157 as amended and effective July 10, 1984, as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Local General Order No. 2012-7 entered on April 4, 2012 by the United States District Court for the Northern District of Ohio, and pursuant to 28 U.S.C. § 1334 as amended, in that the matters hereinafter alleged as the Complaint of Plaintiff are core proceedings within the core matter jurisdiction of this Court under the express provisions of 28 U.S.C. §§ 157(b)(2)(A), (F), (K), and (O), relating among other things to the determination of validity, priority and amount of liens on real property, and the avoidance and recovery of a preferential transfer, and with respect to which the Plaintiff consents to the entry of all final orders by the Bankruptcy Court and the Judge thereof.

2. On July 18, 2014, the Debtors, Wayne M. and Katherine A. Kleski (the"Debtors"), filed a petition in the United States Bankruptcy Court for the Northern District of Ohio seeking relief under chapter 7 of title 11 of the United States Code, in which case an order for relief was entered (the "Debtors' Case").

3. The Plaintiff is the duly appointed and acting Trustee in Bankruptcy for the Debtors.

4. At the time of the commencement of the Debtors' Case, the Debtors were the joint owners of certain real property located at 2890 Hastings Road, Silver Lake, Ohio 44224, which is more fully described as follows:

> Real property in the Village of Silver Lake, County of Summit, State of Ohio, and described as follows:
>
> And known as being Sublots 55 and 56 in the Silver Lake Estates Allotment, as shown by the Plat of said Subdivision as recorded in Volume 24, Page 1 to 27 inclusive of the Summit County Records, but excepting therefrom the westerly one-half of Sublot Number 55.
>
> Be the same more or less, but subject to all legal highways.

Permanent Parcel Nos. 57-00251 and 57-00252

(the "Real Property").

## COUNT I
### (For Declaratory Judgment, Determining That Mortgage Was and Is Not Entitled to Record)

5. The Plaintiff incorporates herein by reference all of the averments of paragraphs 1 through 4 hereof as if fully rewritten herein.

6. On December 17, 2004, the Debtors professedly granted a mortgage on the Real Property (the "Mortgage") to Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Network, Inc.

7. On December 22, 2004, the Mortgage was recorded with the Summit County Fiscal Office of Summit County, Ohio. A copy of the Mortgage, as recorded, is attached hereto as Exhibit "A" and is incorporated herein by reference.

8. The Plaintiff believes and therefore avers that the Mortgage is presently held and/or owned by Defendant, U.S. Bank National Association, as Trustee for CMSI REMIC 2005-01-REMIC Pass-Through Certificates Series 2005-01 ("U.S. Bank").

9. On page 14 of the Mortgage (Exhibit "A" attached hereto), the professed notary who signed the Mortgage did not properly acknowledge the Debtors' signatures, as the Debtors' names do not appear in the notary acknowledgment on page 14.

10. The Mortgage was not properly witnessed, executed, acknowledged and/or notarized in accordance with Ohio Revised Code §§ 147.53, 147.54, 147.541 and 5301.01.

11. The Mortgage was not eligible for record, and was not and is not entitled to be recorded.

4

12. A real controversy exists between the Plaintiff and U.S. Bank relating to whether the Mortgage was and is entitled to be recorded, which controversy is justiciable in character.

13. Immediate relief is necessary to the preservation of the Plaintiff's rights, which may otherwise be impaired or lost.

14. A declaratory judgment is necessary by this Court to terminate the uncertainty or controversy relating to the Mortgage, and the dispute over whether the Mortgage is entitled to be recorded.

15. The Plaintiff is entitled to declaratory judgment, determining that the Mortgage was not properly witnessed, executed, acknowledged and/or notarized in accordance with Ohio Revised Code §§ 147.53, 147.54, 147.541 and 5301.01; and that the Mortgage was not and is not entitled to be recorded.

## Count II
### (To Avoid and Preserve Defective Mortgage)

16. The Plaintiff incorporates herein by reference all of the averments of paragraphs 1 through 15 hereof as if fully rewritten herein.

17. The defective execution and acknowledgment of the Mortgage renders it invalid as relates to the Plaintiff as Trustee in a bankruptcy case, pursuant to 11 U.S.C. § 544.

18. The Mortgage should be avoided and preserved for the benefit of the within bankruptcy estate pursuant to 11 U.S.C. § 551.

## Count III
### (To Avoid and Preserve Mortgage as Preferential Transfer)

19. The Plaintiff incorporates herein by reference all of the averments of paragraphs 1 through 18 hereof as if fully rewritten herein.

20. The Mortgage was unperfected as of the commencement of the Debtors' Case, and is therefore deemed to be a transfer of property of the Debtors during the ninety (90) days immediately prior to the commencement of the within case to U.S. Bank, as a creditor (the "Transfer").

21. The Debtors were insolvent, or deemed insolvent, at the time of the Transfer.

22. The Transfer was made for or on account of an antecedent unsecured indebtedness, which enabled U.S. Bank to receive a greater portion of its claim than it would otherwise have received under the distributive provisions of the Bankruptcy Code.

23. The Mortgage should be avoided and preserved for the benefit of the bankruptcy estate, as a preferential transfer, pursuant to 11 U.S.C. §§ 544, 547, 550 and 551.

## COUNT IV
### (To Avoid and Preserve the Judgment Lien of High Falls, LLC as a Preferential Transfer)

24. The Plaintiff incorporates herein by reference the averments of paragraphs 1 through 23 inclusive as if fully rewritten herein.

25. Defendant, High Falls, LLC ("High Falls"), is a creditor of the Debtors.

26. On or about June 5, 2014, High Falls filed a judgment lien against the Real Property in the case of *High Falls, LLC v. Wayne Kleski, et al.*, designated as Case No. JL-2014-3922 in the records of Summit County, Ohio (the "High Falls Lien").

27. The filing of the High Falls Lien constitutes a transfer of property of the Debtors (the

"High Falls Transfer").

28. The High Falls Transfer, consisting of the filing of the High Falls Lien, constitutes a transfer of property of the Debtors to or for the benefit of High Falls, within ninety (90) days prior to the commencement of the Debtors' Case.

29. The High Falls Transfer occurred at a time when the Debtors were insolvent.

30. The High Falls Transfer was for or on account of an antecedent, unsecured indebtedness.

31. The High Falls Transfer enabled High Falls to receive a greater portion of its claim than it would otherwise receive under the distributive provisions of the Bankruptcy Code.

32. The High Falls Transfer should be avoided and preserved for the benefit of the within bankruptcy estate pursuant to 11 U.S.C. §§ 544, 547, 550 and 551.

## COUNT IV
### (Determination of Liens and Claims)

33. The Plaintiff incorporates herein by reference the averments of paragraphs 1 through 32 inclusive as if fully rewritten herein.

34. All of the Defendants named in the caption of this complaint may have or claim to have a lien, claim or other interest in and to the Real Property or the proceeds of any sale thereof.

35. It is necessary to determine the rights and claims, if any, of all of the Defendants with respect to the Real Property in order to fully and properly administer the Debtor's Case under title 11 of the U.S. Code.

36. Each of the Defendants should be required to assert whatever interests they have or may profess to have in and to the Real Property or the proceeds thereof by timely answering this complaint, or be forever barred from asserting any lien, claim or other interest in and to such

Real Property or the proceeds thereof.

37. Defendant, The United States of America, Internal Revenue Service, may have or profess to have a lien or other claim in and to such Real Property by virtue of a federal tax lien filed by it with the Fiscal Officer (Recorder) of Summit County, Ohio, Serial Number 986964414, recorded on March 10, 2014 as Instrument No. 56032247, the full particulars of which are fully set forth and described on Exhibit "B" attached hereto and incorporated herein by reference.

WHEREFORE, the Plaintiff, Robert S. Thomas, II, Trustee, demands judgment as follows:

A. On Count I, that a declaratory judgment be entered, determining that the Mortgage was not properly witnessed, executed, acknowledged and/or notarized in accordance with Ohio Revised Code §§ 147.53, 147.54, 147.541 and 5301.01; and that the Mortgage was not and is not entitled to be recorded.

B. On Count II, that the Mortgage be avoided and preserved for the benefit of the bankruptcy estate, as a defectively executed mortgage, pursuant to 11 U.S.C. §§ 544 and 551.

C. On Count III, that the Mortgage be avoided and preserved for the benefit of the bankruptcy estate, as a preferential transfer, pursuant to 11 U.S.C. §§ 544, 547, 550 and 551.

D. On Count IV, that the High Falls Lien be avoided as a preferential transfer and preserved for the benefit of the within bankruptcy estate pursuant to 11 U.S.C. §§ 544, 547, 550 and 551.

E. On Count V, that each of the Defendants named in the caption of this complaint, timely and by written answer to the complaint, assert whatever liens, claims or other interests

8

they may have, or profess to have, in and to the Real Property or the proceeds of thereof. Further, that at the time of trial, in the event that any of the Defendants file a timely answer, Plaintiff requests that this Court determine the validity, priority and amount of any such liens, claims or other interests of such Defendants and their entitlement, if any, to the proceeds of any sale of the Real Property.

  F. For such other and further relief as may be just and equitable in the premises.

             Respectfully submitted,

             /s/ Robert D. Barr
             Robert D. Barr (#0067121)
             DETTELBACH, SICHERMAN & BAUMGART
             1801 East Ninth Street, Suite 1100
             Cleveland, Ohio 44114-3169
             Phone: (216) 696-6000
             Fax: (216) 696-3338
             Email: rbarr@dsb-law.com

             Attorney for the Plaintiff,
             Robert S. Thomas, II, Trustee

F:\WPWIN\Barr\Thomas\Kleski\Defective Mortgage Complaint.wpd