# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-51876 (AMK) |
| WAYNE M. KLESKI AND | : | |
| KATHERINE A. KLESKI | : | |
| | : | |
| | : | CHAPTER 7 |
| Debtors. | : | |
| | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| | : | |
| ROBERT S. THOMAS, II, TRUSTEE | : | ADVERSARY CASE NO. 14-05099 |
| | : | |
| Plaintiff, | : | JUDGE ALAN M. KOSCHIK |
| | : | |
| v. | : | |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION, | : | |
| et al. | : | |
| Defendants. | : | |

## ANSWER OF
## U.S. BANK NATIONAL ASSOCIATION TO ADVERSARY COMPLAINT OF ROBERT S. THOMAS TO AVOID DEFECTIVELY EXECUTED MORTGAGE, TO AVOID JUDGMENT LIEN AS PREFERENTIAL TRANSFER, AND TO DETERMINE VALIDITY, PRIORITY, AND AMOUNT OF LIENS AND CLAIMS IN AND TO REAL PROPERTY

Now comes U.S. Bank National Association, as Trustee for CMSI REMIC 2005-01-REMIC Pass Through Certificates Series 2005-01 ("U.S. Bank") and for its Answer to the Adversary Complaint ("the Complaint") filed by Robert S. Thomas, II ("the Plaintiff"), makes the following admissions, denials, statements, and affirmative defenses.

1. In response to Paragraph 1 of the Complaint, U.S. Bank states that Paragraph 1 consists of jurisdictional allegations for which no response is required. To the extent that a response is required, U.S. Bank admits the allegations contained in Paragraph 1 of the Complaint.

{00095568-1}

2. In response to Paragraph 2 of the Complaint, U.S. Bank admits the allegations contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, U.S. Bank admits the allegations contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, U.S. Bank states that the public records speak for themselves, and therefore no further response is required. To the extent that a response is required, U.S. Bank states that the Debtors own real property commonly known as 2890 Hastings Road, Silver Lake, Ohio 44224 ("the Property"), which is an asset of the bankruptcy estate. U.S. Bank admits the allegations.

## COUNT I

5. In response to Paragraph 5 of the Complaint, U.S. Bank incorporates by reference all the answers set forth in Paragraph 1 through and including Paragraph 4 as if fully rewritten here.

6. In response to Paragraph 6 of the Complaint, U.S. Bank states that the Debtors executed a Mortgage in favor of Mortgage Network, Inc. in the amount of $565,000.00 on December 17, 2004 ("U.S. Bank Mortgage"). U.S. Bank denies the remaining allegations of Paragraph 6 not expressly admitted herein.

7. In response to Paragraph 7 of the Complaint, U.S. Bank states that the public records speak for themselves, and therefore no further response is required. To the extent a response is required, U.S. Bank admits that the U.S. Bank Mortgage was recorded on December 22, 2004 in the Summit County Fiscal Office. U.S. Bank denies the remaining allegations of Paragraph 7 not expressly admitted herein.

8. In response to Paragraph 8 of the Complaint, U.S. Bank admits that it is entitled to enforce the U.S. Bank Mortgage and it is the present holder of the U.S. Bank Mortgage. U.S. Bank admits the allegations of Paragraph 8.

9. In response to Paragraph 9 of the Complaint, U.S. Bank denies the allegations.

10. In response to Paragraph 10 of the Complaint, U.S. Bank states that the allegations therein call for a legal conclusion and/or determination to which no response is required. To the extent that a response is required, U.S. Bank denies the allegations.

11. In response to Paragraph 11 of the Complaint, U.S. Bank states that the allegations therein call for a legal conclusion and/or determination to which no response is required. To the extent that a response is required, U.S. Bank denies the allegations.

12. In response to Paragraph 12 of the Complaint, U.S. Bank admits the allegations.

13. In response to Paragraph 13 of the Complaint, U.S. Bank lacks knowledge as to the truth of the allegations contained therein, and therefore it denies the same.

14. In response to Paragraph 14 of the Complaint, U.S. Bank lacks knowledge as to the truth of the allegations contained therein, and therefore it denies the same.

15. In response to Paragraph 15 of the Complaint, U.S. Bank states that the allegations therein call for a legal conclusion and/or determination to which no response is required. To the extent that a response is required, U.S. Bank denies the allegations.

## COUNT II

16. In response to Paragraph 16 of the Complaint, U.S. Bank incorporates by reference all the answers set forth in Paragraph 1 through and including Paragraph 15 as if fully rewritten here.

17. In response to Paragraph 17 of the Complaint, U.S. Bank states that the allegations therein call for a legal conclusion and/or determination to which no response is required. To the extent that a response is required, U.S. Bank denies the allegations.

18. In response to Paragraph 18 of the Complaint, U.S. Bank states that the allegations therein call for a legal conclusion and/or determination to which no response is required. To the extent that a response is required, U.S. Bank denies the allegations.

**COUNT III**

19. In response to Paragraph 19 of the Complaint, U.S. Bank incorporates by reference all the answers set forth in Paragraph 1 through and including Paragraph 18 as if fully rewritten here.

20. In response to Paragraph 20 of the Complaint, U.S. Bank states that the allegations therein call for a legal conclusion and/or determination to which no response is required. To the extent that a response is required, U.S. Bank denies the allegations.

21. In response to Paragraph 21 of the Complaint, U.S. Bank lacks knowledge as to the truth of the allegations contained therein, and therefore it denies the same.

22. In response to Paragraph 22 of the Complaint, U.S. Bank states that the allegations therein call for a legal conclusion and/or determination to which no response is required. To the extent that a response is required, U.S. Bank denies the allegations.

23. In response to Paragraph 23 of the Complaint, U.S. Bank states that the allegations therein call for a legal conclusion and/or determination to which no response is required. To the extent that a response is required, U.S. Bank denies the allegations.

## COUNT IV

24. In response to Paragraph 24 of the Complaint, U.S. Bank incorporates by reference all the answers set forth in Paragraph 1 through and including Paragraph 23 as if fully rewritten here.

25. In response to Paragraph 25 of the Complaint, U.S. Bank lacks knowledge as to the truth of the remaining allegations contained therein, and therefore it denies the same.

26. In response to Paragraph 26 of the Complaint, U.S. Bank lacks knowledge as to the truth of the allegations contained therein, and therefore it denies the same.

27. In response to Paragraph 27 of the Complaint, U.S. Bank lacks knowledge as to the truth of the allegations contained therein, and therefore it denies the same.

28. In response to Paragraph 28 of the Complaint, U.S. Bank admits the allegations.

29. In response to Paragraph 29 of the Complaint, U.S. Bank admits the allegations.

30. In response to Paragraph 30 of the Complaint, U.S. Bank admits the allegations.

31. In response to Paragraph 31 of the Complaint, U.S. Bank admits the allegations.

32. In response to Paragraph 32 of the Complaint, U.S. Bank admits the allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint must fail in whole, or in part, due to the defenses of laches, waiver, ratification, reformation, mistake, estoppel, setoff, accord and satisfaction, and/or unjust enrichment.

3. Plaintiff's Complaint must fail in that the Mortgage referenced in Plaintiff's Complaint is a validly existing, properly perfected, and properly executed instrument, which

limits and/or extinguishes the Trustee's avoidance powers pursuant to 11 U.S.C. Sections 544, 546, and 547.

4. Plaintiff's Complaint must fail to the extent that U.S. Bank is a good faith transferee with a lien on any property that limits the amount that the Trustee may recover herein as permitted by 11 U.S.C. Section 550(e).

5. Plaintiff's Complaint must fail in that a Trustee may not recover from a transferee that which it takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided pursuant to 11 U.S.C. Section 550(b)(1).

6. Plaintiff's Complaint must fail in that U.S. Bank is a bona fide mortgagee.

7. Plaintiff's Complaint must fail because the U.S. Bank Mortgage afforded constructive notice that it encumbers the entire fee simple interest in the Property.

8. Plaintiff's Complaint must fail due to the constructive notice afforded by virtue of the documents in the chain of title to the Property, including the U.S. Bank Mortgage.

9. Plaintiff's Complaint must fail because it was the intent of the Debtors to encumber their fee-simple interest in the Property by virtue of the U.S. Bank Mortgage.

10. Plaintiff's Complaint must fail due to the application of the doctrine of lis pendens.

11. Plaintiff's Complaint must fail because Plaintiff cannot be considered a bona fide purchaser for value under these circumstances, and if he is, then any interest that he holds is subject to the U.S. Bank Mortgage.

12. Plaintiff's Complaint must fail because the U.S. Bank Mortgage was executed in compliance and/or substantial compliance with Ohio law, Ohio Revised Code § 5301.01, and/or Ohio Revised Code §§ 147.53, 147.541, and 147.55.

13. One or more of Plaintiff's claims are barred by the applicable statutes of limitations.

14. Plaintiff's claims are barred by application of the Ohio Legacy Trust Act, specifically R.C. 1301.401, which provides that Plaintiff and any junior creditor and/or lienholder had constructive notice of the U.S. Bank Mortgage.

15. Plaintiff's Complaint must fail, because he cannot demonstrate by clear and convincing evidence that the U.S. Bank Mortgage is invalid.

16. Plaintiff's Complaint must fail, because the Mortgage is enforceable under Ohio law.

17. Plaintiff's Complaint must fail, because the terms contained in the four corners of the Mortgage supply a means for correcting the alleged defect in the U.S. Bank Mortgage.

18. Plaintiff's Complaint is barred by the doctrines of res judicata, collateral estoppel, and/or issue preclusion.

19. The U.S. Bank Mortgage has priority over any subsequent lienholders, because it was recorded prior in time and those lienholders had constructive notice of the U.S. Bank Mortgage.

20. The U.S. Bank Mortgage has priority over any subsequent lienholders who are not considered bona fide purchasers.

WHEREFORE, having fully answered Plaintiff's Complaint, U.S. Bank demands that Plaintiff's claims be dismissed with prejudice and that it be entitled to an award of attorneys' fees, costs, and all other relief that this Court deems appropriate.

>Respectfully submitted,
>
>SIKORA LAW LLC
>
>/s/ Richard T. Craven
>Michael J. Sikora III (0069512)
>Richard T. Craven (0082273)
>Joni Todd (078768)
>8532 Mentor Avenue
>Mentor, Ohio 44060
>(440) 266-7777 (telephone)
>(440) 266-7778 (facsimile)
>Co-counsel for Defendant U.S. Bank
>National Association

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer to Adversary Complaint of Defendant U.S. Bank National Association was served via ECF on the 16th day of October, 2014, on the following:

- Robert D. BaRR- rbarr@dsb-law.com

- Regain M. VanVorous- rvanvorous@summitoh.com

- Jack Morrison- jmorrison@amer-law.com

- Anthony DeGirolamo- adjlaw@sbcglobal.net

- Mia L. Conner- mia.conner@lsrlaw.com

- Nicholas O'Bryan- nobryan@laurlito.com

/s/ Richard T. Craven
Richard T. Craven (0082273)
Co-counsel for Defendant U.S. Bank
National Association